**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **REBECCA HOHMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:08-CV-0126-C** |
| | § | **ECF** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | **Assigned to United States** |
| **Defendant.** | § | **Magistrate Judge** |

## MEMORANDUM ORDER AND OPINION

**THIS CASE** is before the court upon Plaintiff's complaint filed September 22, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on February 26, 2009, and Defendant filed a brief on March 23, 2009. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on September 22, 2008 (Doc. 6), and December 23, 2008 (Doc. 16). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

## I. STATEMENT OF THE CASE

Plaintiff filed an application for SSI benefits on October 19, 2006, alleging disability beginning October 19, 2006. Tr. 20, 87-92. Plaintiff's application was denied initially and upon reconsideration. Tr. 20, 49-51, 55-56. Plaintiff filed a Request for Hearing by Administrative Law

Judge on June 28, 2007, and this case came for hearing before the Administrative Law Judge ("ALJ") on February 5, 2008. Tr. 20, 28-45, 60-61. Plaintiff, represented by a non-attorney, testified in her own behalf. Tr. 32-41. Michael Driscoll, a vocational expert ("VE"), appeared and testified as well. Tr. 41-43. The ALJ issued a decision unfavorable to Plaintiff on March 27, 2008. Tr. 17-27.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff had not engaged in substantial gainful activity at any time since October 19, 2006. Tr. 22. Plaintiff has "severe" impairments, including depression/personality disorder, alcohol dependence in brief remission, and fibroid tumor with right leg pain. *Id*. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id*. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 24.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 25.

The ALJ found that Plaintiff could not return to her past relevant work as a cashier. *Id*. He noted that Plaintiff was considered an "individual closely approaching advanced age" with a high school education and one year of college. 20 C.F.R. §§ 416.963, 416.964; Tr. 26.

The ALJ found that Plaintiff retained the RFC to perform light work activity with the following limitations: Plaintiff is able to lift and carry 20 pounds occasionally and 10 pounds frequently; is able to sit for about 6 hours in an 8-hour workday and presumably stand for about 6 hours (the ALJ used the term "sit" twice in his opinion); must be able to periodically alternate sitting and standing to relieve pain or discomfort; is unable to climb ladders, ropes, or scaffolds; is able to frequently balance and kneel and occasionally crouch, crawl, and stoop; must avoid all exposure to excessive heat and work at unprotected heights; is able to understand, remember, and carry out detailed instructions and make judgments on detailed work-related decisions; and is able to respond appropriately to supervision, co-workers, and work pressures. Tr. 24. Having found that Plaintiff could not perform the full range of light work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite her severe impairments. Tr. 26. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of storage facility rental clerk, with 2,300 jobs in Texas and 112,000 jobs nationally; small product assembler II, with 5,100 jobs in Texas and 103,000 jobs nationally; and counter clerk, with 1,900 jobs in Texas and 72,000 jobs nationally. *Id*. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 27.

Plaintiff submitted a Request for Review of Hearing Decision/Order on April 28, 2008. Tr. 9-16. The Appeals Council denied Plaintiff's request and issued its opinion on June 2, 2008, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 6-8. The ALJ's decision, therefore, became the final decision of the Commissioner.

On September 22, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

**II. STANDARD OF REVIEW**

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson,* 309 F.3d at 271; *Newton,* 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in the national economy. Tr. 27.

## III. DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to include all of Plaintiff's severe impairments in his RFC and failed to properly analyze Plaintiff's severe alcohol dependence. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

### A. Whether the ALJ failed to include all of the severe limitations imposed by her impairments in the RFC finding.

Plaintiff alleges that the ALJ erred by failing to include all of the limitations imposed by her impairments in the RFC determination. Plaintiff alleges that the ALJ erred by failing to include additional limitations related to her neck pain, and her depression and personality disorder, including a limitation based on her moderate difficulties in maintaining social functioning, concentration, persistence, and pace.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental

impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

Plaintiff correctly notes that the ALJ discussed Plaintiff's neck pain. The ALJ noted the impression of the consultative examiner, who indicated that Plaintiff is suffering from chronic neck pain. The ALJ did not specifically find that Plaintiff's neck pain was severe, nor did he find that Plaintiff's headaches were severe. Plaintiff argues that the RFC finding should have included a limitation based on the limited cervical range of motion noted by Dr. Richard D. Trifilo.

The record demonstrates that Dr. Trifilo opined that based upon the objective evidence from his examination, Plaintiff could perform work activities such as sit, stand, move about, hear, and speak and was able to lift, carry and handle objects but would likely have difficulty lifting anything over 15 pounds. Tr. 219. Dr. Trifilo also indicated that Plaintiff's pain level did not correlate with his physical findings and that Plaintiff was able to move without distress, maneuver without apparent pain, and show no distraction during the interview and exam. *Id*. He also noted that Plaintiff was able to heel and toe walk, squat, and do tandem walking, and she had normal dexterity. *Id*.

As noted above the ALJ is responsible for determining a claimant's RFC. *Ripley*, 67 F.3d at 557. "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* The ALJ properly exercised his responsibility as factfinder in weighing the evidence and in

choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse*, 925 F.2d at 790. Despite Plaintiff's arguments to the contrary, neither the evidence of record nor Dr. Trifilo's opinion indicate that the ALJ erred by failing to incorporate additional limitations into the RFC assessment based upon Plaintiff's neck pain and limited cervical range of motion. The evidence of record also does not demonstrate additional limitations regarding Plaintiff's right leg pain.

Plaintiff also alleges that the ALJ should have incorporated additional limitations based on her mental impairments into the RFC finding. Plaintiff notes that in completing the psychiatric review technique form ("PRTF") and in completing a mental residual functional capacity assessment form, the state agency psychological consultant, Norvin Curtis, Ph.D., indicated that Plaintiff experienced certain limitations which were not incorporated into the RFC assessment. Tr. 231, 235-36.

The record indicates, however, that Dr. Curtis ultimately concluded that Plaintiff "can understand, remember and carry out detailed, but not complex instructions, make decisions, attend and concentrate for extended periods, accept instructions and respond appropriately to changes in routine work setting[s]." Tr. 237.

If the ALJ determines that the claimant has a medically determinable mental impairment, he must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment. 20 C.F.R. §§ 404.1520a and 416.920a. He is required to evaluate the degree of functional loss resulting from Plaintiff's mental impairments as set forth in 20 C.F.R. §§ 404.1520a and 416.920a. *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001). The ALJ must evaluate the claimant's limitations in four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, the part "b" criteria. A five-point scale is used to rate the degree of limitation in the first three of those functional areas. 20

C.F.R. § 404.1520a (c)(1)-(4). These four separate areas are deemed essential for work. *Boyd*, 239 F. 3d at 705 (citing 20 C.F.R. § 404.1520a(b)(3)). The written decision of the ALJ must incorporate pertinent findings and conclusions based on the technique and must include a specific finding as to the degree of limitation in each of the functional areas described. 20 C.F.R. § 404.1520a(e)(2). The PRTF represents one way in which such findings may be documented. 20 C.F.R. § 404.1520a(e). After the ALJ rates the degree of functional limitation resulting from any mental impairment(s), the ALJ determines the severity of such impairment(s). 20 C.F.R. § 404.1520a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment "not severe" at step 2 of the sequential evaluation process. 20 C.F.R. § 404.1520a(c)(1). If the ALJ finds that the mental impairment is "severe" under 20 C.F.R. § 404.1520a(c)(1), the ALJ must then determine if it meets or equals a listed mental disorder under 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00-12.09; 20 C.F.R. § 404.1520a(c)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Boyd*, 239 F.3d at 705.

In this case the ALJ found that Plaintiff's mental impairments were severe and also indicated that he had concurred with the reconsideration findings of the state agency medical consultants ("SAMCs") who opined that Plaintiff had mild restriction in her ability to perform her activities of daily living with moderate difficulties in maintaining social functioning and concentration, persistence, or pace. Tr. 25. He specifically incorporated a finding into the RFC determination that Plaintiff was able to understand, remember, and carry out detailed instructions and make judgments on work related decisions, as well as respond appropriately to supervision, co-workers, and work pressures. Tr. 24. This finding is not inconsistent with Dr. Curtis's conclusions. Tr. 237.

The court finds that the ALJ did not err in making his RFC determination by failing to incorporate additional limitations into the RFC finding, and such finding is supported by substantial evidence in the record.

The court further notes that the ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). In this case the hypothetical question posed to the VE contained those limitations the ALJ found supported by the record and incorporated into the RFC assessment. Therefore, the ALJ appropriately relied upon the testimony of the VE in making his step 5 finding that Plaintiff could perform other work which exists in the national economy.

**B. Whether the ALJ erred by failing to find that Plaintiff's neck pain, limited cervical range of motion, and headaches were "severe" impairments.**

Plaintiff argues that the ALJ erred by failing to find that her neck pain and resultant headaches and limited cervical range of motion were "severe" impairments at step 2 of the sequential evaluation process.

Under the Social Security Regulations, the severity of an impairment or impairments is considered at the second step of the five-step sequential analysis. *See* 20 C.F.R. § 404.1520. A claimant must show that he or she has a severe medical impairment before the claimant can be determined disabled. 20 C.F.R. § 404.1520(a)(4)(ii). The regulations further provide that an impairment must significantly limit the person's ability to do basic work activities in order to be considered severe. 20 C.F.R. § 404.1520(c). Thus,

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Commissioner] will find that you do not have a severe impairment and are, therefore, not disabled.

*Id.*

The Supreme Court held that this "severity regulation" is valid on its face and "is not inconsistent with the statutory definition of disability." *Bowen v. Yuckert,* 482 U.S. 137, 146, 154, 107 S.Ct. 2287, 2293, 2298 (1987).

The Fifth Circuit has considered the severity regulation, both before and after the Supreme Court's decision in *Bowen*. In *Stone v. Heckler*, the Court approved of an earlier construction of the severity regulation that set this standard for determining whether a claimant's impairment is severe:

> [A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

752 F.2d 1109, 1101 (5th Cir. 1985) (quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). In *Loza* the Court held that the standard set forth in *Stone* remained the correct standard. 219 F.3d 378 at 392. However, the Commissioner may require a claimant to make a *de minimis* showing that his impairment is severe enough to interfere with his ability to do work under this standard. *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992). Thus, to meet the severity threshold in the Fifth Circuit, the claimant need only make a *de minimis* showing that his impairment is severe enough to interfere with his ability to do work.

The ALJ noted in his opinion that he did not find that Plaintiff's neck pain was severe and noted that she did not mention such pain in her testimony; findings upon medical examination were minimal, and Dr. Trifilo did not indicate specific limitations imposed by Plaintiff's neck pain. The record also indicated that Dr. Trifilo noted no limitations imposed by Plaintiff's limited cervical range of motion, and although Plaintiff's complaints of headaches were noted, the record is not sufficient to make even a *de minimis* showing of limitations imposed by Plaintiff's neck pain, limited cervical range of motion, or history of headaches.

Therefore, the court finds that the ALJ did not err in finding that Plaintiff's neck pain, limited cervical range of motion, or history of headaches were not "severe" at step 2 of the sequential evaluation process.

**C. Whether the ALJ erred by failing to properly analyze Plaintiff's alcohol dependence.**

Plaintiff alleges that the ALJ erred by failed to appropriately consider her alcohol dependence in evaluating whether her impairments were disabling.

The record demonstrates that the ALJ noted that Plaintiff's impairments included alcohol dependence in brief remission. Tr. 22. The ALJ did not find that Plaintiff was disabled. Plaintiff alleges that the ALJ erred by failing to comply with the requirements of 20 C.F.R. §§ 404.1535(b) and 416.935(b).

However, these regulations only require that *if* the claimant is disabled, the ALJ must determine whether drug addiction or alcoholism is a contributing factor. *See* 20 C.F.R. §§ 404.1535(a) and 416.935(a). Given that the ALJ did not find that Plaintiff was disabled, the ALJ was not required to follow the process described in 20 C.F.R. §§ 404.1535(b) and 416.935(b). Plaintiff argues that it is not clear from the ALJ's decision whether he even considered her alcohol dependence. However, the ALJ found such dependence to be a severe impairment. The record does not indicate that such alcohol use imposed any additional limitations on her ability to perform work-related activity.

Plaintiff's claim that the ALJ erred by failing to properly analyze her alcohol dependence is without merit.

The court finds that the ALJ appropriately considered the evidence of record and did not err at step 2, step 3, or step 5 of the sequential evaluation process' and further finds that the ALJ's severity determination, RFC finding, and step 5 determination that Plaintiff could perform work which exists in significant numbers in the national economy is supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be

affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed September 22, 2008 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED.**

DATED this 2nd day of March, 2010.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**